UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ROBIN HAMMOCK,

                Petitioner,

v.

SHIRLEE HARRY,

                Respondent.

_____/

Case No. 1:18-cv-21

Honorable Robert J. Jonker

## **OPINION**

       This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

**Discussion**

I.     **Factual allegations**

Petitioner Robin Hammock is incarcerated with the Michigan Department of Corrections at the Earnest C. Brooks Correctional Facility, (LRF) in Muskegon Heights, Michigan. On April 2, 2007, a Wayne County Circuit Court judge, found Petitioner guilty of second-degree murder, MICH. COMP. LAWS § 750.317, assault with intent to commit murder, MICH. COMP. LAWS § 750.83, felony firearm, MICH. COMP. LAWS § 750.227b, and felon in possession of a firearm, MICH. COMP. LAWS § 750.224f. On April 19, 2007, the court sentenced Petitioner as a habitual offender-second offense, MICH. COMP. LAWS § 769.10, to concurrent sentences of 35 to 70 years for the murder conviction, 20 to 60 years for the assault conviction, and time served for the felon-in-possession conviction, all consecutive to a 2-year sentence for the felony-firearm conviction.

Petitioner appealed his convictions and sentences, raising several issues. By opinion issued September 23, 2008, the Michigan Court of Appeals affirmed the trial court. According to the docket, Petitioner did not pursue his appeal beyond the state court of appeals.

According to the Wayne County Circuit Court docket, https://cmspublic.3rdcc.org/CaseDetail.aspx?CaseID=178087 (last visited January 29, 2018), Petitioner filed motions for relief from judgment in the circuit court during 2012. The motions were denied. Petitioner sought leave to appeal the denial in the Michigan Court of Appeals. The appeal was dismissed on August 28, 2013, because Petitioner failed to pay the filing fee.

Petitioner filed a new motion for relief from judgment in the trial court on October 14, 2015. The motion was based on new exculpatory testimony from a previously

unknown witness. The trial court denied relief on January 4, 2016. Petitioner sought leave to appeal in the Michigan Court of Appeals. By order entered July 15, 2016, the court of appeals, in lieu of granting the application for leave to appeal, vacated the trial court's order denying the motion for relief from judgment and directed the trial court to consider the motion because the new evidence sufficed to remove the bar against successive motions. (Mich. Ct. App. Ord., ECF No. 1-1, PageID.4.)

On March 21, 2017, the circuit court entered an order permitting the successive motion for relief from judgment. (Wayne Cnty. Cir. Ct. Ord., ECF No. 1-1, PageID.5-9.) The court appointed counsel for Petitioner and directed the prosecutor to respond to the motion. (*Id.*)

Petitioner characterizes the trial court's March 21, 2017 order as an order that reversed Petitioner's convictions. Petitioner contends that because his conviction was reversed, he is entitled to a new trial. Moreover, because months have now passed without any action, Petitioner contends he is entitled to release under the Sixth Amendment's speedy trial guarantee.

Petitioner's characterization of the March 21, 2017 order is simply wrong, as is his claim that nothing has happened since. There were several additional filings by Petitioner and the prosecutor. On September 15, 2017, the circuit court held a hearing on the motion. The court denied the motion in an order signed the same day as the hearing. Petitioner has not filed an application for leave to appeal the trial court's denial of the successive motion for relief from judgment. Petitioner still has several weeks, until March 15, 2018, to file a late application for leave to appeal. MICH. CT. R. 7.205(G)(3).

On January 5, 2018, Petitioner filed his habeas corpus petition. Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing

3

to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner has not supplied that date. Nor does Petitioner date a signature on the document. The petition, however, includes the following statement: "It is now Jan. 2, 2018 . . . ." (Pet., ECF No. 1, PageID.2.) I will consider January 2, 2018, to be the date Petitioner signed the petition. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

The petition raises one ground for relief: Petitioner is illegally detained because his Sixth Amendment right to a speedy trial has been violated. (Pet., ECF No.1, PageID.1-2.)

## II. Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at

4

845. The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). There is no indication he has raised the speedy trial issue at any level of the state court system. Perhaps that is not surprising because Petitioner's speedy trial issue is entirely dependent on his mischaracterization of the post-remand proceedings in the trial court. Based on the Wayne County Circuit Court docket, it is apparent that Petitioner is not detained pending a new trial. He is detained pursuant to the judgment entered more than ten years ago.

If Petitioner were incarcerated pending retrial, and if he had been incarcerated for more than 180 days, his claim would still not be exhausted. An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the speedy trial issue: he may file a motion for release on bond under MICH. CT. R. 6.004(C). *People v. Lown*, 794 N.W. 9, 13 (Mich. 2011) ("[t]he court granted the motion for a personal recognizance bond under MCR 6.004(C), which allows for the release on bond of defendant who are jailed for more than 180 days as a result of pending charges."). To fully exhaust his claim, Petitioner would also be required to present the speedy trial issue to the Michigan Court of Appeals and Michigan Supreme Court by application for leave to appeal.

Even if Petitioner sought to raise in this Court the issues he raised by way of his successive motion for relief from judgment in the state court, his claims would not be exhausted. Petitioner has at least one available procedure by which to raise any "new evidence" issues from

5

his successive motion for relief from judgment. He could proceed with an application for leave to appeal in the Michigan Court of Appeals and, if that court denies relief, he could file an application for leave to appeal in the Michigan Supreme Court.

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Where a petitioner has failed to pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*") (emphasis added). However, such a petitioner is not entitled to also count the 90-day period during which he could have filed a petition for certiorari to the United States Supreme Court. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 655 (2012) (holding that, because the Supreme Court can review only judgments of a state's highest court, where a petitioner fails to seek review in the state's highest court, the judgment becomes final when the petitioner's time for seeking that review expires). Petitioner still has several weeks, until March 15, 2018, to file a late application for leave to appeal. MICH. CT. R. 7.205(G)(3). If Petitioner took no further action, he would have one year, until March 15, 2019, in which to file his habeas petition. If, on the other hand, Petitioner filed a timely application for leave to appeal, the statute would be tolled until the judgment became final.

In *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), the Sixth Circuit held that when the dismissal of a "mixed"[1] petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. The instant case does not present a mixed petition because none of Petitioner's claims are exhausted. It is unclear whether *Palmer* applies to a "non-mixed" petition.

Even if *Palmer* applied, however, Petitioner would not be entitled to a stay. The *Palmer* court indicated that thirty days was a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days was a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 781. *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to a mandatory period of equitable tolling under *Palmer*).[2]

Petitioner filed the instant petition on January 2, 2018. The statute of limitations has not yet commenced running. The earliest date the statute might commence is March 15, 2018. Therefore, Petitioner has more than sixty days remaining in his limitations period. Assuming that Petitioner diligently pursues his state-court remedies and promptly returns to this Court after the Michigan Supreme Court issues its decision or the order denying relief otherwise

---

[1] A "mixed petition" is a habeas corpus petition that contains both exhausted and unexhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982).

[2] The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007). The statute is not tolled during the time that a Petitioner petitions for writ of certiorari in the United States Supreme Court. *Id.* at 332.

becomes final, he is not in danger of running afoul of the statute of limitations. Therefore a stay of these proceedings is not warranted.

The exhaustion requirement is premised on "the presumption that states maintain adequate and effective remedies to vindicate federal constitutional rights." *Turner v. Bagley*, 401 F.3d 718, 724 (6th Cir. 2005). The habeas statute identifies circumstances where a habeas petitioner may avoid the exhaustion requirement because the premise of the exhaustion requirement—adequate and effective state remedies—has failed:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254. Courts have found circumstances excusing a failure to exhaust where there is "'[i]nordinate delay in adjudicating state court claims[,]'" *Phillips v. White*, 851 F.3d 567, 576 (6th Cir. 2017) (quoting *Workman v. Tate*, 957 F.2d 1339, 13544 (6th Cir. 1992)); where a claim is "considered, though ignored, by the state-appellate courts[,]" *Sanders v. Lafler*, 618 F. Supp. 2d 724, 732 (E.D. Mich. 2009); or where there is no state corrective process, as is the case with respect to an equal protection challenge to a parole denial, *Jackson v. Jamrog*, 411 F.3d 615, 618 (6th Cir. 2005).

Petitioner has failed to identify any extraordinary circumstance that excuses his failure to exhaust. There has been no inordinate delay. This is not a case where Petitioner's

8

claims have not been considered, but have instead been ignored, by the Michigan appellate courts. Moreover, state corrective process remains. Petitioner's failure to exhaust, therefore, is not excused under the statute.

## Conclusion

For the foregoing reasons, the Court will dismiss the petition for failure to exhaust available state-court remedies.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court already has determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr.*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on the procedural ground of lack of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural ground of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.

Dated: February 6, 2018 /s/ Robert J. Jonker
ROBERT J. JONKER
CHIEF UNITED STATES DISTRICT JUDGE